70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray M. BOWEN, Plaintiff-Appellant,
v.
David GUNDY; Joseph Porter, Defendants-Appellees.
 No. 95-1376.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 
 ORDER
 
 2
 Ray Bowen appeals a district court judgment dismissing his prisoner civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ray Bowen, a Michigan inmate, filed a civil rights action in which he claims the two named defendants abridged his right to due process under the Fourteenth Amendment while acting as members of a prison security classification committee. Bowen sought monetary damages from the defendants in their individual capacities. The defendants eventually moved for summary judgment and the matter was referred to a magistrate judge. The magistrate judge recommended that the motion should be granted. The district court adopted the recommendation over Bowen's objections and this appeal followed. The parties have briefed the issues; Bowen is proceeding without benefit of counsel.
 
 
 4
 Defendant Gundy is the Warden at the Oaks Correctional Facility and defendant Porter is the Assistant Warden at the same prison. Bowen claims that these defendants, acting in the capacity as members of a prison security classification committee, twice voted to reclassify Bowen to administrative segregation after he was found guilty of committing a major misconduct. Bowen does not challenge the process or result of the underlying misconduct proceedings. Rather, Bowen contends that he was entitled to a second hearing under Michigan law prior to being placed in administrative segregation. Bowen claims that this right is founded in Michigan law and regulations.
 
 
 5
 The magistrate judge concluded that Bowen had no federal constitutional right not to be placed in administrative segregation and that Michigan law did not independently create such a right. The district court adopted this conclusion and granted the defendants' motion for summary judgment.
 
 
 6
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 The district court's decision is completely supported in law existing at the time of the decision. Confinement in segregation does not independently violate the Due Process Clause of the Fourteenth Amendment. Montanye v. Haymes, 427 U.S. 236, 242 (1976). State law could, however, create protectable liberty interests by placing substantive limitations on official discretion. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-63 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The linchpin of this examination was whether the state placed substantive limitations on the discretion of its officers, that is, whether the state had used language of an unmistakably mandatory character. Parate v. Isibor, 868 F.2d 821, 832 (6th Cir.1989).
 
 
 8
 In the present case, it is clear that Michigan did not create any right to a second hearing before a prisoner found guilty of a major misconduct could be reclassified to administrative segregation. In fact, the plain language of the applicable regulation specifically sanctions reclassification in this situation. See Mich.Admin.Code Rule 791.4405(4).
 
 
 9
 In addition, the district court's decision finds support under recent Supreme Court case law. In Sandin v. Conner, No. 93-1911, 1995 WL 360217 (U.S. June 16, 1995), the Court rejected the contention that mere placement in a more restrictive prison environment, without other deprivations of specific Constitutional guarantees, may state a claim for relief under Sec. 1983 regardless of the wording of the regulation in question. The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation